**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVI8ION**

| | | |
|---|---|---|
| PRESQRIBER, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Case No. 6:14-cv-447** |
| | § | |
| ECARESOFT, INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S ORIGINAL ANSWER**

Defendant eCareSoft, Inc. files this Answer and Affirmative Defenses to the Complaint filed by Plaintiff Presqriber, LLC, as follows:

**ANSWER**

1. Defendant admits the allegations of paragraph 1 of the Complaint.

2. Defendant admits the allegations of paragraph 2 of the Complaint.

3. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 3 and, therefore, denies the allegations of paragraph 3 of this Complaint.

4. Defendant denies that it has committed and continues to commit acts of infringement. Defendant admits the remaining allegations of paragraph 4 of the Complaint.

5. Defendant denies all of the allegations of paragraph 5 of the Complaint.

6. Defendant denies all of the allegations of paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint merely incorporates the allegations of paragraphs 1 through 6 by reference. Accordingly, the Defendant admits and denies the allegations of paragraph 7 of the Complaint as it has so admitted and denied in paragraphs 1 through 6 above.

8. Defendant denies the allegations of paragraph 8 of the Complaint.

9. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies the allegations of paragraph 9 of the Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, the Defendant denies the allegations of paragraph 10 of the Complaint.

11. Defendant denies all allegations of paragraph 11 of the Complaint.

12. Defendant denies that the '095 Patent is a "prominent, pioneering patent in the medical services field." The Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining obligations of paragraph 12 of the Complaint and, therefore, Defendant denies the remaining allegations of paragraph 12 of the Complaint.

13. Defendant denies all allegations contained in paragraph 13 of the Complaint.

14. Defendant denies all allegations contained in paragraph 14 of the Complaint.

15. Defendant denies all allegations contained in paragraph 15 of the Complaint.

16. Defendant denies all allegations contained in paragraph 16 of the Complaint.

17. Defendant denies all allegations contained in paragraph 17 of the Complaint.

18. Defendant denies all allegations contained in paragraph 18 of the Complaint.

19. Defendant denies all allegations contained in paragraph 19 of the Complaint.

20. Defendant denies all allegations contained in paragraph 20 of the Complaint.

## AFFIRMATIVE DEFENSES

In addition to the foregoing admission and/or denial of the paragraphs of the Complaint, the Defendant pleads the following affirmative defenses:

21.   Plaintiff fails to state a claim against Defendant upon which relief can be granted.

22.   Plaintiff is not entitled to any relief against Defendant because Defendant has not infringed in any way, directly or indirectly, jointly or singly, by inducement or contribution, or in any other way on any valid, enforceable claim under '095 Patent.

23.   The '095 Patent is invalid under one or more sections of Title 35 of the U.S. Code, including ,but not limited to, Sections 101, 102, 103, and 112.  The grounds of the '095 Patent's invalidity include, but are not limited to, the following:

(a)   The '095 Patent is invalid under 35 U.S.C. §112 because the '095 Patent is ambiguous and/or too indefinite insofar as its claims, read in light of the specification delineating the patent and the prosecution history, failed to inform, with reasonable certainty those skilled in the art about the scope of the invention.

(b)   One or more of the claims of '095 Patent are invalid under 35 U.S.C. §112 because each includes indefinite, improper antecedent basis.

(c)   The '095 Patent is invalid under 35 U.S.C. §101 because the '095 Patent fails to comply with one or more of the conditions for patentability. More specifically, the '095 patent does nothing more than describe a well known abstract idea that is, in and of itself, wholly inoperative, and therefore lacking utility.

(d)   The '095 Patent is invalid under 35 U.S.C. §102 and/or 103 because at least the following prior art references (and additional art references that may become known as this case proceeds) along or in combination anticipate or render obvious the asserted claims of the '095 Patent:  Edelson, et al; U.S. Patent No. 5,737,539, Prescriptions Creation System, filed on October 28, 1994 and granted April 7, 1998; Overhage, et al; Design and Implementation of the Indianapolis Network for Patient Care and Research, Bull. Med. Lib. Assoc. 83(1) January,

1995; Wong Tin Wai, a Medication Ordering Knowledge Acquisition and Management Tool, Master's Thesis, University of Utah, Department of Medical Informatics, June, 1989; Halvorson, U. S. Patent No. 4847764, System for Dispensing Drugs in Healthcare Institutions, filed May 21, 1987, granted July 11, 1989; Ryan, Computer Prescribing, J.R. Coll. Gen. Pract., June 1989 39 (323:259); Booth, Influence of Computer Software on Prescribing Habits in General Practice, J.R. Coll. Gen. Pract., February, 1998, 39 (319): 80.

24. Plaintiff's claims are barred because the Plaintiff failed to mark or give notice of infringement as required by 35 U.S.C. §287(a).

25. The Plaintiff's claims are barred by the doctrine of waiver, estoppels and laches.

26. The Plaintiff is estopped under the Doctrine of Prosecution History Estoppel and/or Prosecution History Disclaimer from construing any valid claim of the '095 Patent to cover or include, either literally or by application of the Doctrine of Equivalence, any products made, used, imported, sold or offered for sale by the Defendant because of admissions and/or statements made to the US Patent Office as part of the specification of the '095 Patent and/or the prosecution of the application leading to the issuance of the '095 Patent.

27. The Plaintiff's claims for relief and prayer for damages are limited by 35 U.S.C. §286.

28. On information and belief, Plaintiff is precluded from seeking recovery of its costs by 35 U.S.C. §288.

### PRAYER FOR RELIEF

Considering these premises, Defendant eCareSoft, Inc. requests that this Honorable Court enter judgment against Plaintiff Presqriber, LLC, as follows:

A. Denying each of the Plaintiff's claims of the Complaint;

B. Denying the Plaintiff's request to enjoin the Defendant from using its products;

C. Denying the Plaintiff's request for prejudgment or post-judgment interest;

D. Finding that the Plaintiff's claims hereunder are groundless and frivolous and, therefore, awarding the Defendant its attorney's fees in defending this action; and

E. Awarding the Defendant such other relief to which this Court finds that it is entitled to under law or equity.

Respectfully submitted,

*/s/ Jeffrey M. Travis*
**Jeffrey M. Travis**
Texas State Bar No. 20191600
**Jared C. Inman**
Texas State Bar No. 24078716

**TRAVIS & CALHOUN**
**A Professional Corporation**
1000 Providence Towers East
5001 Spring Valley Road
Dallas, Texas 75244
Telephone: (972) 934-4100
Telecopier: (972) 934-4101
Email: Jeff@travislaw.com
Email: Jared@travislaw.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Answer has been served on the following counsel of record via electronic service and Certified Mail, Return Receipt Requested on this 5th of August, 2014:

Craig Tadlock
Tadlock Law Firm PLLC
2701 Dallas Parkway, Suite 360
Plano, Texas 75093

                                                */s/ Jeffrey M. Travis*
                                                Jeffrey M. Travis