**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| PRESQRIBER, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:14-cv-447 |
| | § | |
| ECARESOFT, INC., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S RESPONSE TO PLAINTIFF PRESQRIBER'S MOTION FOR LEAVE TO TAKE LIMITED AND EXPEDITED DISCOVERY ON PENDING MOTIONS TO DISMISS

Defendant eCareSoft, Inc. files this response to Plaintiff Presqriber's Motion for Leave to Take Limited and Expedited Discovery on Pending Motions to Dismiss, as follows:

### I.

### INTRODUCTION

On August 12, 2014, Plaintiff filed Plaintiff Presqriber's Motion to Take Limited and Expedited Discovery on Pending Motions to Dismiss (the "Motion"). The Motion confounded the Defendant, eCareSoft, Inc. ("Defendant" or "eCareSoft"), because eCareSoft has not filed a motion to dismiss. It appears from the Motion that the Plaintiff has filed at least 26 separate but similar lawsuits against different defendants and that, in those other lawsuits, motions to dismiss have been filed. But given that eCareSoft has not filed such a motion, any discovery taken in this action against eCareSoft would be inappropriate at this time.

II.

PROCEDURAL BACKGROUND

Plaintiff filed the Complaint in the above referenced action on or about May 8, 2014. The Complaint was served on eCareSoft on June 30, 2014.  On July 21, 2014, eCareSoft filed an Unopposed Application for Extension of Time to Answer the Complaint, asking for a deadline of August 5 to respond to the Complaint.  On August 5, 2014 eCareSoft filed its Answer, denying the material allegations of the Complaint and asserting affirmative defenses.  No motion to dismiss was filed, and no other activity has occurred in this case until the Plaintiff filed the Motion.

III.

ARGUMENTS AND AUTHORITIES

Pursuant to Rule 26(d)(1) Federal Rules of Civil Procedure[1], "a party may not seek discovery from any source before the parties to a lawsuit have conferred under Rule 26(f), except…by stipulation or by court order."  To date, the parties have not conducted their Rule 26(f) conference.  Indeed, the parties are not yet even required to have conferred pursuant to Rule 26(f).  Accordingly, under Rule 26(d)(1), discovery is not yet permitted unless ordered by this Court.  For the reasons set forth below, the Court should not now order this discovery.

In the Motion, the Plaintiff state that in four other separate lawsuits, the defendants in those lawsuits have filed "substantially similar motions to dismiss for failure to state a claim in their respective cases." *See* Motion at paragraph 1.  Plaintiff further states that it "seeks to take limited discovery of the Defendants related to Section 101 Motion to Dismiss." *See* Motion at paragraph 16.  The Plaintiff goes on to state that it's "discovery requests are tailored to

---

[1] All rules cited herein refer to the Federal Rules of Civil Procedure.

**DEFENDANT'S RESPONSE TO PLAINTIFF PRESQRIBER'S MOTION FOR LEAVE TO
TAKE LIMITED AND EXPEDITED DISCOVERY ON PENDING MOTIONS TO DISMISS**          **PAGE 2**

demonstrate that there are underlying fact issues in dispute and that claim construction is necessary prior to any Section 101 determinations in this case." *Id*. It appears that the Plaintiff in *this* case is actually seeking discovery that it may use in the *other cases*. Such a tactic would be improper in any event, but particularly an improper reason for requesting expedited discovery in *this* case. *See* Rule 26(b)(1).

The Plaintiff's motion reads as if eCareSoft has filed a motion to dismiss, but eCareSoft has not. It appears that the Plaintiff has erroneously *assumed* that eCareSoft filed a motion to dismiss.

Finally, eCareSoft finds it ironic that Presqriber spends most of the Motion setting out a reason why it needs a factual basis to challenge the Rule 12(b) motions filed in other cases. A Rule 12(b) motion is to be decided on the basis of the pleadings themselves, without reference to any factual information beyond the pleadings. *See* Rule 12(d). Thus, ultimately, Presqriber does not *even* need the discovery it seeks for purposes of addressing the motion to dismiss that are filed in the other lawsuits.

FOR THE REASONS SET FORTH IN THIS RESPONSE, eCareSoft respectfully requests that this Court deny Plaintiff's Motion for Leave to Take Limited and Expedited Discovery on Pending Motions to Dismiss.

Respectfully submitted,

*/s/ Jeffrey M. Travis*

**Jeffrey M. Travis**
Texas State Bar No. 20191600
**Jared C. Inman**
Texas State Bar No. 24078716

**TRAVIS & CALHOUN**
**A Professional Corporation**
1000 Providence Towers East
5001 Spring Valley Road
Dallas, Texas 75244
Telephone: (972) 934-4100
Telecopier: (972) 934-4101
Email: Jeff@travislaw.com
Email: Jared@travislaw.com

**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system in accordance with Local Rule CV-5(a)(3) on this 26th day of August, 2014.

*/s/ Jeffrey M. Travis*
Jeffrey M. Travis